TIMOTHY J. YOO (State Bar No. 155531)
tjy@lnbyg.com
CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyg.com
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Plaintiff
Jason M. Rund, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THOMAS VINCENT GIRARDI,<br><br>Debtor. | Case No. 2:20-bk-21020-BR<br><br>Chapter 7 |
| JASON M. RUND, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>KCC CLASS ACTION SERVICES, LLC,<br><br>Defendant. | Adv. No.<br><br>**COMPLAINT FOR:**<br>**(1)   AVOIDANCE OF PREFERENTIAL TRANSFER;**<br>**(2)   RECOVERY OF AVOIDED TRANSFER;**<br>**(3)   DISALLOWANCE OF CLAIM; AND**<br>**(4)   DECLARATORY RELIEF**<br><br>**[11 U.S.C. §§ 105, 502, 547, 550]**<br><br>Date: [TO BE SET BY SUMMONS]<br>Time:<br>Place: Courtroom 1668<br>        Roybal Federal Building<br>        255 E. Temple Street<br>        Los Angeles, CA 90012 |

Case 2:22-ap-01208-BR    Doc 1    Filed 12/14/22    Entered 12/14/22 15:03:14    Desc
Main Document    Page 2 of 6

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Jason M. Rund, the Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *In re Thomas Vincent Girardi* avers and complains, by way of this Complaint, as follows:

**REQUIRED PLEADING DISCLOSURE**

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (F), (K), and (O) and are related to the Debtor's bankruptcy case because the outcome of such claims for relief could have a significant effect on the estate. Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant KCC Class Action Services, LLC ("Defendant") is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008 and 7012(b) require the defendant to plead whether each claim for relief asserted against the defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the FRBP and 11 U.S.C. §§ 105, 502, 547, 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with In re Thomas Vincent Girardi, a chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District, Los Angeles Division (the "Court") as Case No. 2:20-bk-21020-BR (the "Bankruptcy Case").

5. Plaintiff consents to entry of final orders or judgment by the Court.

**THE PARTIES**

6. The Bankruptcy Case was initiated by the filing of an Involuntary Petition against Thomas Vincent Girardi ("Debtor") on December 18, 2020 (the "Petition Date"). The petitioning creditors filed an emergency motion for appointment of an interim trustee on December 24, 2020, which was granted by the Court on January 5, 2021. On January 6, 2021, the United States Trustee appointed Jason M. Rund as the Chapter 7 Trustee.

7. On January 13, 2021, the Order for Relief was entered in this case.

8. The Trustee is informed and believes and based thereon alleges that Defendant is a limited liability company formed in Delaware that is doing business in this state, and is subject to the jurisdiction of this Court.

**GENERAL ALLEGATIONS**

9. Prior to the Petition Date, on October 28, 2019, Defendant filed a complaint against the Debtor, among others, in Los Angeles County Superior Court, commencing Case No. 19STCV38587 (the "Action").

10. Plaintiff is informed and believes and based thereon alleges that on or about October 8, 2020, Defendant obtained a Right to Attach Order After Hearing and Order for Issuance of Writ of Attachment (the "Right to Attach Order") in the Action.

11. Plaintiff is informed and believes and based thereon alleges that on or about October 20, 2020, Defendant obtained a Writ of Attachment ("Writ") in the Action to secure the sum of $7,200,000.

12. Plaintiff is informed and believes and based thereon alleges that on or about November 24, 2020, Defendant recorded a Notice of Attachment, the Writ, and Right to Attach Order in the Los Angeles County Recorder's Office as Inst. No. 20201512666 (the "Preferential Transfer" or "KCC Lien") against the Debtor and his various assets.

**FIRST CLAIM FOR RELIEF**

[For Avoidance Of Preferential Transfer – 11 U.S.C § 547]

13. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

3

14. Plaintiff is informed and believes and based thereon alleges that the Preferential Transfer was a transfer of an interest of the Debtor in property, having attached to the Debtor's various assets.

15. Plaintiff is informed and believes and based thereon alleges that the Preferential Transfer was made to or for the benefit of Defendant at a time in which Defendant was creditor of the Debtor.

16. Plaintiff is informed and believes and based thereon alleges that the Preferential Transfer was made for or on account of antecedent debt owed by Debtor before such transfer was made.

17. Plaintiff is informed and believes and based thereon alleges that the Preferential Transfer was made while Debtor was insolvent.

18. Plaintiff is informed and believes and based thereon alleges that the Preferential Transfer was made on or within 90 days before the Petition Date.

19. Plaintiff is informed and believes and based thereon alleges that the Preferential Transfer enabled Defendant to receive more than Defendant would otherwise receive if (a) the Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the Preferential Transfer had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

20. Based on his reasonable due diligence in the circumstances of the case and taking into account Defendant's known or reasonably knowable affirmative defenses, Plaintiff may avoid the Preferential Transfer pursuant to 11 U.S.C. § 547(b).

21. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Preferential Transfer is avoided and recovered for the benefit of the Debtor's creditors.

**SECOND CLAIM FOR RELIEF**

[For Recovery Of Transfer - 11 U.S.C. § 550]

22. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 21 of this Complaint, inclusive, as though fully set forth herein.

23. Plaintiff is informed and believes, and based thereon alleges that Defendant is the initial transferee of the Preferential Transfer, and to the extent it was not the initial transferee, it was the immediate or mediate transferee of the initial transferee of the Preferential Transfer.

24. Upon avoidance of the Preferential Transfer, as alleged herein, Plaintiff is entitled to recover the KCC Lien from Defendant as the initial transferee, the immediate or mediate transferee of such initial transferee, or as the entity for whose benefit the Preferential Transfer was made, pursuant to 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

[For Disallowance of Claim - 11 U.S.C. § 502]

25. Plaintiff realleges and incorporates herein by this reference the foregoing allegations in paragraphs 1 through 24 of this Complaint, inclusive, as though fully set forth herein.

26. The Preferential Transfer is recoverable from Defendant pursuant to 11 U.S.C. § 550, and Defendant has not released its liens against the Debtor.

27. Based on the foregoing, any and all claims of the Defendant against the Debtor must be disallowed pursuant to 11 U.S.C. § 502(d).

## FOURTH CLAIM FOR RELIEF

[For Declaratory Relief]

28. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

29. Section 493.040(b) of the California Code of Civil Procedure provides as follows: "The filing of a petition commencing a voluntary or involuntary case under Title 11 of the United States Code (Bankruptcy) terminates a lien of a temporary protective order or of attachment if the lien was created within 90 days prior to the filing of the petition."  Cal. C.C.P. § 493.030(b).

30. The KCC Lien was recorded 24 days prior to the Petition Date.

31. Plaintiff is informed and believes and based thereon alleges that there is an actual dispute between Plaintiff and Defendant as to whether the filing of the Debtor's bankruptcy case has terminated the KCC Lien.

32. Plaintiff desires a judicial determination that the KCC Lien has been terminated and should not attach to any assets of the Debtor or this bankruptcy estate.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

A. On the First and Second Claims for Relief: A judgment in favor of Plaintiff and against Defendant (1) avoiding the Preferential Transfer, (2) entitling Plaintiff to recover from Defendant the Preferential Transfer or the value thereof, for the benefit of the estate, and (3) entitling Plaintiff to recover from Defendant attorneys' fees and expenses incurred in connection with the claims asserted herein to the extent allowable under applicable law;

B. On the Third Claim for Relief: A judgment in favor of Plaintiff and against Defendant disallowing any and all claims of the Defendant against Debtor;

C. On the Fourth Claim for Relief: A judgment in favor of Plaintiff determining that the KCC Lien has been terminated and does not attach to any assets of the Debtor or this bankruptcy estate; and

D. On All Claims for Relief: For such other and further relief as the Court deems just and proper.

DATED: December 9, 2022

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: */s/ Carmela T. Pagay*
TIMOTHY J. YOO
CARMELA T. PAGAY
Attorneys for Plaintiff
Jason M. Rund, Chapter 7 Trustee